John J. Nestico (N.Y. SBN 1724020)
SCHNEIDER WALLACE
COTTRELL KONECKY LLP
6000 Fairview Road, Suite 1200
Charlotte, North Carolina 28210
Tel: (510) 740-2946; Fax: (415) 421-7105
jnestico@schneiderwallace.com

Carolyn H. Cottrell (Cal. SBN 166977)
To apply for admission *Pro Hac Vice*
SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, California 94608
Tel: (415) 421-7100; Fax: (415) 421-7105
ccottrell@schneiderwallace.com

[additional counsel on signature page]

*Attorneys for Plaintiff, Class, and Collective Members*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **DENISE DAVELLA, on behalf of herself and all others similarly situated,** *Plaintiff,* **v.** **ELLIS HOSPITAL, INC. d/b/a ELLIS MEDICINE,** *Defendant,* | § § § § § § § § § § § § § | **CIVIL ACTION NO.** 1:20-CV-0726 **(MAD/ATB)** **CLASS AND COLLECTIVE ACTION COMPLAINT** **JURY TRIAL DEMANDED** |

## INTRODUCTION

1.     Plaintiff Denise Davella ("Plaintiff") brings this Class and Collective action on behalf of herself and other similarly situated individuals who have worked for Ellis Hospital, Inc. d/b/a Ellis Medicine ("Defendant" or "Ellis Medicine") as non-exempt employees involved with patient care at any time beginning three years before the filing of this complaint until resolution of

this action. Throughout the relevant time period of this action, Plaintiff and similarly situated Collective and Class members have been denied payment for all hours worked, including overtime and spread of hours compensation, and were denied bona fide meal periods. This case implicates the longstanding policy and practice of Ellis Medicine, which fails to properly compensate non-exempt employees for work during meal periods.

2.     Employers are not required to pay employees for meal periods if the employer can satisfy its burden of demonstrating the employee received a *bona fide* meal period which primarily benefits the employee. Defendant does not provide bona fide meal periods for its non-exempt workers who are involved with patient care. Non-exempt employees who work for Defendant are required to remain available for work throughout their shift. Instead of making these workers clock out for their meal periods then clock back in at the end of a meal period, Defendant assumes the non-exempt employees were able to find a 30-minute block of time to enjoy a bona fide meal period. Defendant deducts 30 minutes from non-exempt workers' shifts for a meal period, when in fact these employees remain on duty and are continuously subject to interruption during that time. Defendant instituted policies and practices that result in non-exempt workers involved with patient care to be subject to work throughout their shift, even when they attempt to have a bite to eat.

3.     Defendant's policies and practices result in non-exempt workers being denied wages due under the Fair Labor Standards Act ("FLSA") and New York Labor Laws ("NYLL"). Under these policies and practices, non-exempt workers involved in patient care are not completely relieved of duties during meal periods and are denied pay for those on-duty meal periods. Defendant continues to require these non-exempt workers involved with patient care to remain on duty and subject to interruptions during meal periods.

4.     Defendant violates the FLSA and NYLL by knowingly and willfully permitting Plaintiff and Collective and Class members to perform work and/or remain on-duty during their meal periods, subjecting them to interruptions and requiring them to remain on standby to respond to emergencies and patient care needs. Defendant has notice that Plaintiff and Collective and Class members expect to be paid for their work on an hourly basis. Defendant receives the value of Plaintiff and Collective and Class members' work performed during their meal periods without compensating them for their services. Defendant willfully, deliberately, and voluntarily fails to pay Plaintiff and Collective and Class members for work performed.

5.     In addition, Plaintiff and Collective and Class members were and are required to work additional time outside of their scheduled shifts to keep up with the demands of the job. Defendant was and is aware that Plaintiff and Collective and Class members perform work in excess of 10 hours in a workday, but does not pay them an additional amount at the state's minimum wage rate for all hours worked in excess of 10 hours in a workday. This practice violated and continues to violate the NYLL.

6.     Defendant's conduct violated and continues to violate the FLSA and NYLL because of the mandate that non-exempt employees, such as Plaintiff and the putative Collective and Class members, be paid at one and one-half times their regular rate of pay for all hours worked in excess of forty within a single workweek.

7.     Therefore, Plaintiff files this action to recover on behalf of herself and Collective and Class members, all unpaid wages, compensation, penalties, and other damages owed to them under the FLSA and NYLL, individually, as a 29 U.S.C. § 216(b) collective action, and as a class action under Federal Rule of Civil Procedure 23, in order to remedy the sweeping practices which

Defendant has integrated into its time tracking and payroll policies and which have deprived Plaintiff and Collective and Class members of their lawfully-earned wages.

## SUBJECT MATTER JURISDICTION AND VENUE

8.      This Court has federal question jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 as this case is brought under the laws of the United States, specifically the FLSA, 29 U.S.C. § 201, *et seq*. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

9.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391. The events giving rise to Plaintiff's claims occurred within this judicial district. Defendant resides in this judicial district and are subject to personal jurisdiction here.

## PARTIES

10.      Plaintiff Denise Davella is an individual residing in Albany, New York. Ms. Davella is currently employed as a nurse by Defendant Ellis Hospital in Schenectady, New York.

11.      The FLSA Collective members are people who are or who have been employed by Defendant as non-exempt workers involved with patient care in the State of New York within the three years preceding the filing of this Complaint.

12.      The New York Class members are people who are or who have been employed by Defendant as non-exempt workers involved with patient care in the State of New York within the six years preceding the filing of this Complaint.

13.      Defendant Ellis Hospital Inc., is a hospital located at 1101 Nott Street, Schenectady, New York 12308-2425. The hospital may be served with process by serving process to the attention of the executive director at 1101 Nott Street, Schenectady, New York.

14.     Upon information and belief, Ellis Hospital, Inc. utilizes the trade name Ellis Medicine, and therein owns, operates, manages, and/or controls the following medical centers under the Ellis Medicine trade name: (1) Ellis Hospital in Schenectady, (2) McClellan Street Health Center in Schenectady, (3) Bellevue Woman's Center in Niskayuna, (4) Medical Center of Clifton Park,  as well as various health clinics throughout the Schenectady, New York and surrounding areas.

15.     At all times Defendant has been an employer within the meaning of the FLSA under 29 U.S.C. § 203(d).

16.     At all material times, Defendant has been an enterprise within the meaning of the FLSA under 29 U.S.C. § 203(r).

17.     Plaintiff and Collective and Class members were and are employees of Defendant within the meaning of 29 U.S.C. § 203(e).

18.     At all material times, Defendant has been an enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because Defendant has had and continues to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

19.     Here, Defendant has had, and continues to have, an annual gross business volume of not less than $500,000, thereby exceeding the statutory standard. 29 U.S.C. § 203(s)(1)(A)(ii).

20.     In addition to Plaintiff, Defendant has employed numerous other employees, who like Plaintiff, are medical care staff engaged in interstate commerce since they order supplies across state lines, and conduct business deals with merchants across state lines, and process patient cards with banks in other states.

21.     At all material times, Plaintiff and Collective and Class members were employees who engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 207.

22. At all material times, Defendant has been an employer within the meaning of the New York Labor Laws under NYLL §§ 190(3) and 651(6).

## FACTS

23.     Defendant operates the Ellis Medicine health system in and around the Schenectady, New York area. Defendant owns, operates, manages, and/or controls several hospitals, medical centers, and clinics throughout the area.

24.     Defendant employs hundreds of hourly non-exempt workers throughout these hospitals, medical centers, and clinics.

25.     Defendant sets hiring/firing criteria at the hospitals, medical centers, and clinics under Ellis Medicine's control. Defendant advertises for open job positions, including non-exempt, hourly patient care workers, at these hospitals, medical centers, and clinics.

26.     Defendant's payroll policy and practice does not compensate hourly-paid patient care staff for work performed during meal periods. Defendant's automatic time deduction policy and practice deducts 30 minutes from patient care staff shifts for a meal period based on the assumption that patient care staff are able to find a 30-minute block of time to enjoy a bona fide meal period. However, in practice, patient care staff are not permitted to take a 30-minute uninterrupted and bona fide meal period or rest period due to the demands of their jobs during the majority of their shifts. In the rare instances where they attempt to take a meal break, they remain on duty in that they are required to respond to calls from their patients, doctors, patients' families, other patient care staff and hospital staff, attend to the normal demands of the job, and otherwise

respond to emergencies. This policy applies to all hourly-paid, non-exempt staff who are responsible for patient care.

27.     Interruptions occur in multiple ways, though mainly through interruptions in person and via cell-phone.

28.     Plaintiff is employed by Defendant as a nurse. Plaintiff works as a non-exempt nurse for Defendant, and her regular hourly rate of pay is $40 per hour. As a nurse, Plaintiff's primary responsibilities include: providing patient care and monitoring, administering medicine to patients, interacting with other hospital employees and visitors, monitoring patient vitals, completing charting and patient paperwork, and responding to emergency situations. Plaintiff was subject to Defendant's time, pay, meal break, and overtime policies and practices. Plaintiff routinely performed work during her entire shift, was subject to interruptions during attempted meal and rest periods, and was in fact interrupted or denied meal breaks on a regular basis.

29.     Collective and Class members were and are employed by Defendant and perform work materially similar to Plaintiff.

30.     Plaintiff and Collective and Class members perform their jobs under Defendant's supervision and using materials and technology approved and supplied by Defendant.

31.     Plaintiff and Collective and Class members are required to follow and abide by common work, time, pay, meal and rest break, and overtime policies and procedures in the performance of their jobs.

32.     At the end of each pay period, Plaintiff, Collective and Class members receive wages from Defendant that is determined by common systems and methods that Defendant selected and controlled.

33.     Defendant pays Plaintiff and Collective and Class members on an hourly rate basis.

34. Plaintiff worked more than forty hours in at least one workweek during the three years before this Complaint was filed. Furthermore, Plaintiff worked more than ten hours on at least one workday during the six years before this complaint was filed.

35. Each Collective member worked more than forty hours in at least one workweek during the three years before this Complaint was filed. Each Class member worked more than forty hours in at least one workweek during the six years before this Complaint was filed. On average, Plaintiff worked ten to eleven hours each shift—approximately 44 hours per week.

36. When Plaintiff and Collective and Class members worked more than forty hours in a workweek, Defendant did not pay them one and one-half times their regular hourly rate due to their failure to include time worked during meal periods in the total hours worked in a given work week. This unpaid time is compensable under the FLSA and NYLL because (1) Plaintiff and Collective and Class members are not completely relieved of their duties, (2) they are interrupted or subject to interruptions with work duties during any attempted meal period, and/or (3) they entirely skip the meal periods due to work demands.

37. Throughout the relevant time period, Defendant expected and required Plaintiff and Collective and Class members to be available to work during their entire shifts, even during any attempted on-premises meal or rest breaks. These 30-minute intervals of deducted time constitute compensable time under the FLSA and NYLL, which requires that employers compensate employees for all time worked.

38. Defendant has employed hundreds of people similarly situated to Plaintiff during the three-year period prior to the filing of this Complaint.

39. Defendant has employed hundreds of people similarly situated to Plaintiff during the six-year period prior to the filing of this Complaint.

40.     Defendant cannot demonstrate a good faith basis as to its belief that its underpayment of wages was in compliance with the FLSA or NYLL.

## FLSA COLLECTIVE ACTION ALLEGATIONS

41.     Plaintiff brings this Complaint as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of the following class of individuals:

> **All current and former hourly, non-exempt employees, providing patient care, including but not limited to nursing staff, nurses, nursing assistants, nurse aides, technicians, clerks, non-exempt therapists, or other employees with similar job duties employed by Defendant at any health facility operated by Ellis Medicine in New York at any time starting three years prior to the filing of this Complaint until resolution of this action (the "Collective").**

42.     Defendant has not compensated these employees for the unpaid meal breaks as described above.

43.     Per 29 U.SC. § 216(b), this action may be brought as an "opt-in" collective action for the claims asserted by Plaintiff because her claims are similar to the claims possessed by the Collective members.

44.     Plaintiff has actual knowledge that Collective members have been denied compensation for time worked, including meal breaks worked or interrupted. In addition, Plaintiff has actual knowledge that Collective members have also been denied overtime pay for this work and would therefore likely join this collective action if provided a notice of their rights to do so, together with a clear statement that opting to join such an action would not result in termination or other forms of retaliation.

45.     Plaintiff is similarly situated to Collective members. Like Plaintiff, Defendant subjected Collective members to its common practice, policy, or plan of refusing to pay overtime for all work performed in clear violation of the FLSA.

46.     Other nursing staff similarly situated to Plaintiff, work or have worked for Defendant but were not paid overtime at the rate of one and one-half times their regular hourly rate when those hours exceeded forty per workweek for meal breaks during which they were not completely relieved of their duties that were interrupted, interruptible, or entirely missed due to work demands.

47.     Although Defendant permitted and/or required Collective members to work in excess of forty hours per workweek, Defendant has denied them full compensation for their hours worked over forty for meal breaks that were interrupted due to work demands.

48.     Collective members perform or have performed the same or similar work as Plaintiff involving patient care.

49.     Collective members regularly work or have worked in excess of forty hours during a workweek.

50.     Collective members are not exempt from receiving overtime compensation under the FLSA.

51.     Defendant's failure to pay overtime compensation as required by the FLSA resulted from generally applicable policies and practices, and did not depend on the personal circumstances of FLSA Collective members.

52.     Although Plaintiff and Collective members may have different job titles and/or work in different hospital facilities, this action may be properly maintained as a collective action on behalf of the defined class because, throughout the relevant time period:

        a.   Defendant maintained common scheduling systems and policies with respect to the Plaintiff and Collective members, controlled the scheduling systems and

policies implemented throughout their facilities and retained authority to review and revise or approve schedules assigned to Plaintiff and Collective members;

b.  Defendant maintained common timekeeping systems and policies with respect to Plaintiff and Collective members;

c.  Defendant maintained common payroll systems and policies with respect to Plaintiff and Collective members, controlled the payroll systems and policies applied to Plaintiff and Collective members, and set the pay rates assigned to Plaintiff and Collective members; and

d.  Defendant controlled the meal break and rest break work policies and practices at issue in this litigation and had the ability to deprive Plaintiff and Collective members of wages owed for meal break and rest break work they performed.

53.  The specific job titles or precise job responsibilities of each Collective member do not prevent collective treatment.

54.  Collective members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty during a workweek for interrupted, on-duty, or missed meal breaks.

55.  Although the exact amount of damages may vary among Collective members, the damages for Collective members can easily be calculated, summed, and allocated based on a simple formula.

56.  Plaintiff and Collective members' claims arise from a common nucleus of operative facts; namely, the continued and willful failure of Defendant to comply with their obligation to legally compensate their employees. Liability is based on a systematic course of wrongful conduct by Defendant that caused harm to all Collective members. Defendant had a plan, policy or practice

of not paying Plaintiff and Collective members for interrupted, interruptible, or missed meal and rest breaks.

57.     As such, the Collective of similarly situated Plaintiffs is properly defined as stated above. Plaintiff estimates the Collective, including both current and former employees over the relevant time period, will include upwards of 500 people or more. The precise number of Collective members should be readily available from Defendant's personnel, scheduling, time and payroll records, and from input received from Collective members as part of the notice and "opt-in" process provided by 29 U.S.C. § 216(b). The names and addresses of the Collective members are discoverable from Defendant's records. Given the composition and size of the Class, notice may be provided via First Class Mail, e-mail, text message, and other modes of notice similar to those customarily used in representative actions.

## RULE 23 CLASS ACTION ALLEGATIONS

58.     Plaintiff brings this cause of action as a class action on behalf of herself and all others similarly situated pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3). The New York Class that Plaintiff seeks to represent is defined as follows:

> **All current and former hourly, non-exempt employees, providing patient care, including but not limited to nursing staff, nurses, nursing assistants, nurse aides, technicians, clerks, non-exempt therapists, or other employees with similar job duties employed by Defendant at any facility operated by Ellis Medicine in New York at any time starting six years prior to the filing of this Complaint until resolution of this action (the "New York Class").**

59.     This action has been brought and may properly be maintained as a class action because there is a well-defined community of interest in the litigation and the proposed class is easily ascertainable.

60.    <u>Numerosity</u>:  The potential members of the class are so numerous that joinder of all the members of the Class is impracticable. Plaintiff is informed and believes that the number of New York Class members exceeds 500. This volume makes bringing the claims of each individual member of the class before this Court impracticable. Likewise, joining each individual member of the New York Class as a plaintiff in this action is impracticable. Furthermore, the identities of the New York Class will be determined from Defendant's records, as will the compensation paid to each of them. As such, a class action is a reasonable and practical means of resolving these claims. To require individual actions would prejudice the New York Class and Defendant.

61.    <u>Commonality</u>:  There are questions of law and fact common to Plaintiff and the New York Class that predominate over any questions affecting only individual members of the Class. These common questions of law and fact include, but are not limited to:

     i.    Whether Defendant had a policy and practice of requiring patient care workers to remain on duty during meal breaks by subjecting them to interruptions;

     ii.    Whether Defendant directed, required, requested, and/or permitted Plaintiff and New York Class members to work during unpaid meal periods;

     iii.    Whether Defendant knew or should have known that Plaintiff and New York Class members were not compensated for work performed during unpaid meal periods;

     iv.    Whether Defendant directed, required, requested, and/or permitted Plaintiff and New York Class members to work in excess of ten hours in a single workday;

v.   Whether Defendant knew or should have known that Plaintiff and New York Class members were not compensated spread of hours pay for work performed in excess of ten hours in a single workday;

vi.   Whether Defendant derived a benefit from the patient care workers being required to respond to the needs of patients during their unpaid meal periods pursuant to professional codes of conduct and Defendant's policies.

62.   <u>Typicality</u>:  Plaintiff's claims are typical of the claims of the New York Class because Plaintiff's claims arise from the same course of conduct and legal theories as the claims of the New York Class members. Like the Class members, Plaintiff worked as a non-exempt employee involved in patient care for Defendant during the relevant time period. Like the Class members, Plaintiff was subject to the identical company-wide policy requiring patient care staff to remain on duty during meal periods and were subject to interruptions during such times. Like the New York Class members, Plaintiff was subject to the same professional code of conduct and company timekeeping and payroll policies requiring patient care staff to tend to the care of their patients even during the unpaid meal periods. The other facts outlined above likewise apply equally to both the Plaintiff and New York Class members.

63.   <u>Adequacy of Representation</u>:  Plaintiff seeks relief for the past and prospective state law violations that were perpetrated by Defendant. In that sense, Plaintiff does not have any conflicts of interest with other New York Class members and will prosecute the case vigorously on behalf of the New York Class. Counsel representing Plaintiff is competent and experienced in litigating complex cases and large class actions, including wage and hour cases. Plaintiff will fairly and adequately represent and protect the interests of the New York Class members.

64.     <u>Superiority of Class Action</u>:  A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all proposed New York Class members is not practicable, and questions of law and fact common to the New York Class predominate over any questions affecting only individual members of the New York Class. Each proposed New York Class member has been damaged and is entitled to recovery by reason of Defendant's illegal policies and/or practices. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

65.     In the alternative, the New York Class may be certified because the prosecution of separate actions by the individual members of the New York Class would create a risk of inconsistent or varying adjudication with respect to individual members of the New York Class which would establish incompatible standards of conduct for Defendant.

66.     If each individual New York Class member was required to file an individual lawsuit, Defendant would necessarily gain an unconscionable advantage because Defendant would be able to exploit and overwhelm the limited resources of each member of the Class with Defendant's vastly superior financial legal resources.

67.     Requiring each individual New York Class member to pursue an individual remedy would also discourage the assertion of lawful claims by the New York Class members who would be disinclined to pursue these claims against Defendant because of an appreciable and justifiable fear of retaliation and permanent damage to their lives, careers and well-being.

**FIRST CAUSE OF ACTION**
**VIOLATION OF 29 U.S.C. § 207**
**Failure to Pay Overtime Compensation for Work Performed During Unpaid Meal Periods**
**(FLSA Collective Action)**

68.     Plaintiff incorporates all allegations contained in the foregoing paragraphs.

69.     Plaintiff and Collective members, Defendant's employees, are similarly situated individuals within the meaning of the FLSA, 29 U.S.C. § 216(b).

70.     The FLSA requires each covered employer to compensate all non-exempt employees at a rate of not less than one and one-half times their regular hourly rate for all hours worked in excess of forty hours per week.

71.     Throughout the relevant time period, Defendant expected and required Plaintiff and Collective members to be available to work and/or to be on duty during their promised meal and rest breaks.

72.     Plaintiff and Collective members have been harmed as a direct and proximate result of Defendant's unlawful conduct because they have been deprived of wages owed for work they performed and from which Defendant derived a direct and substantial benefit.

73.     Defendant cannot satisfy their burden of proof to demonstrate Plaintiff and Collective members received a bona fide meal period for every 30 minutes deducted from their wages automatically.

74.     Defendant violated and continues to violate the FLSA when they fail to pay Plaintiff and Collective members under 29 U.S.C. § 207 as non-exempt employees. Because of these violations, Plaintiff and Collective members have suffered a loss of wages.

75.     Defendant's failure to pay overtime to Plaintiff and Collective members, in violation of the FLSA, was willful and not based on a good faith belief that their conduct did not violate the FLSA. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA

within the meaning of 29 U.S.C. § 255(a). Accordingly, a three-year limitations period should

apply to Plaintiff and Collective members' claims.

76.     Because Defendant's willful violation, Plaintiff and Collective members are also

due an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

77.     Plaintiff and Collective members are further entitled to reasonable attorneys' fees

and costs of the action in addition to any judgment awarded.

**<u>FIRST CAUSE OF ACTION</u>**
**VIOLATION OF NYLL § 190 *et seq.***
**Failure to Pay Overtime Compensation for Work Performed During Unpaid Meal Periods**
**(New York Class Action)**

78.     Plaintiff incorporates all allegations contained in the foregoing paragraphs.

79.     The NYLL and NYCRR require each covered employer to compensate all non-

exempt employees at a rate of not less than one-half times their regular hourly rate for all hours

worked in excess of forty hours per week.

80.     This cause of action arises from Defendant's violation of NYLL §§ 190 *et seq.* and

650 *et seq.* (and any supporting regulations), for its failure to pay Plaintiff and New York Class

members all of their overtime pay for the time worked in excess of 40 hours in individual

workweeks. For all the time worked in excess of 40 hours in individual workweeks, Plaintiff and

New York Class members are entitled to receive one-and-one-half times their regular rates of pay.

81.     Defendant violates NYLL §§ 190 *et seq.* and 650 *et seq.* by failing to compensate

Plaintiff and New York Class members for work performed during unpaid meal periods consistent

with the overtime provisions.

82.     Plaintiff and New York Class members have been harmed as a direct and proximate

result of Defendant's unlawful conduct because they have been deprived of overtime wages owed

for work they performed and from which Defendant derived a direct and substantial benefit.

83.     Defendant cannot satisfy its burden of proof to demonstrate Plaintiff and New York Class members received a bona fide meal period for every 30 minutes deducted from their wages automatically.

84.     Defendant violated and continues to violate the NYLL when it fails to pay Plaintiff and New York Class members overtime, which is mandated by NYLL § 659 and 12 NYCRR § 142-3. As a direct and proximate result of these violations, Plaintiff and New York Class members have suffered a loss of wages.

85.     Because Defendant cannot demonstrate a good faith basis as to its belief that its underpayment of wages was in compliance with the law, Plaintiff and New York Class members are also due an additional equal amount as liquidated damages pursuant to NYLL § 663(1).

86.     Plaintiff and New York Class members are further entitled to reasonable attorneys' fees and cost of the action in addition to any judgment awarded.

### SECOND CAUSE OF ACTION
### VIOLATIONS OF NYLL §162
### Failure to Provide Meal Periods
### (New York Class Action)

87.     Plaintiff incorporates all allegations contained in the foregoing paragraphs.

88.     The NYLL requires each covered employer to provide employees who work more than six hours a 30-minute lunch period between 11:00 a.m. and 2:00 p.m. The NYLL further provides that employees who work shifts that begin before 11:00 a.m. and continue past 7:00 p.m., must receive an additional 20-minute meal periods for dinner between 5:00 p.m. and 6:00 p.m.

89.     Throughout the relevant time period, Defendant expected and required Plaintiff and New York Class members to be available to work and/or to be on duty during their promised breaks.

90.     Plaintiff and New York Class members have been harmed as a direct and proximate result of Defendant's unlawful conduct because they have been deprived of proper meal periods from which Defendant derived a direct and substantial benefit.

91.     Defendant cannot satisfy the burden of proof to demonstrate Plaintiff and New York Class members were fully relieved of all work duties during meal periods.

92.     Plaintiff seeks declaratory relief holding that Defendant violated and continues to violate the NYLL when it fails to provide timely meal periods where employees are relieved of all work duties.

**THIRD CAUSE OF ACTION**
**VIOLATIONS OF NYLL §§ 652 AND 659; 12 NYCRR § 142-2**
**Spread-of-Hours Violation**
**(New York Class Action)**

93.     Plaintiff incorporates all allegations contained in the foregoing paragraphs.

94.     The NYLL and NYCRR require each covered employer to pay employees one hour's pay at the basic minimum hourly wage rate, in addition to the minimum wage for any day in which the "spread of hours" exceeds 10 hours or there is a "split shift" totaling more than 10 hours.

95.     Throughout the relevant time period, Defendant expected and required Plaintiff and New York Class members to be available to work and/or to be on duty for a "spread of hours" exceeding 10 hours in workday.

96.     Plaintiff and New York Class members have been harmed as a direct and proximate result of Defendant's unlawful conduct because they have been deprived of spread of hours compensation for work they performed and from which Defendant derived a direct and substantial benefit.

97.     Defendant violated and continues to violate the NYLL and NYCRR when it fails to pay Plaintiff and New York Class members spread of hours compensation. Because of these violations, Plaintiff and New York Class members have suffered as a loss of wages.

98.     Plaintiff and New York Class members are further entitled to reasonable attorneys' fees and cost of the action in addition to any judgment awarded.

## FOURTH CAUSE OF ACTION
### VIOLATIONS OF NYLL §§ 195 and 661
### Failure to Keep Accurate Payroll Records
### (New York Class Action)

99.     Plaintiff incorporates all allegations contained in the foregoing paragraphs.

100.    The NYLL requires each covered employer to maintain payroll records showing the actual hours worked by employees.

101.    Throughout the relevant time period, Defendant knowingly, intentionally, and willfully has failed to maintain payroll records showing the actual hours worked by Plaintiff and New York Class members.

102.    Plaintiff and New York Class members have been harmed as a direct and proximate result of Defendant's unlawful conduct because they have been deprived of accurate monitoring of the number of hours they have worked from which Defendant derived a direct and substantial benefit.

103.    Defendant violated and continues to violate the NYLL when it fails to keep complete and accurate records of the number of hours its employees have worked.

## FIFTH CAUSE OF ACTION
### VIOLATIONS OF NYLL §§ 195, 198, and 199
### Failure to Provide Accurate Itemized Wage Statements
### (New York Class Action)

104.    Plaintiff incorporates all allegations contained in the foregoing paragraphs.

105.    With each payment of wages, Defendant fails to provide Plaintiff and Class members with an accurate statement listing each of the following categories of information:

    a.   The dates of work covered by that payment of wages;

    b.   Name of employee;

    c.   Name of employer;

    d.   Address and phone number of employer;

    e.   Rate or rates of pay and basis thereof, whether the employee is paid by the hour, shift, day, week. Salary, piece, commission, or other;

    f.   Gross wages;

    g.   Deductions;

    h.   Allowances, if any, claimed as part of the minimum wage;

    i.   Net wages;

    j.   The regular hourly rate or rates of pay;

    k.   The overtime rate or rates of pay;

    l.   The number of regular hours worked; and

    m.  The number of overtime hours worked.

106.    Throughout the relevant time period, Defendant knowingly, intentionally, and willfully has failed to furnish accurate and complete wage statements showing the accurate amounts of gross wages, net wages, and number of regular hours and overtime hours worked.

107.    As a result, Defendant is liable to Plaintiff and each Class member in the amount of $5,000, together with attorneys' fees and costs.

108.    Plaintiff and New York Class members have been harmed as a direct and proximate result of Defendant's unlawful conduct because they have been deprived of accurate and complete wage statements from which Defendant derived a direct and substantial benefit.

109.    Defendant violated and continues to violate the NYLL when it fails to furnish accurate and complete wage statements to its employees.

## RELIEF SOUGHT

110.    Plaintiff and Collective members are entitled to recover their unpaid overtime wage compensation pursuant to the FLSA.

111.    Plaintiff and Collective members are also entitled to an amount equal to all of their unpaid wages due under the FLSA as liquidated damages. 29 U.S.C. § 216(b).

112.    Plaintiff and Collective members are entitled to recover attorneys' fees and costs as required by the FLSA. 29 U.S.C. § 216(b).

113.    Plaintiff and Collective members are entitled to declaratory relief stating Defendant's policies and practices as described herein are unlawful and in violation of the FLSA.

114.    Plaintiff and New York Class members are entitled to recover their unpaid overtime wage compensation pursuant to the NYLL and its implementing regulations.

115.    Plaintiff and New York Class members are also entitled to an amount equal to all of their unpaid wages due under the NYLL as liquidated damages. NYLL§§ 198 and 663.

116.    Plaintiff and New York Class members are entitled to recover attorneys' fees and costs, pre-judgment and post-judgment interests as required by NYLL §§ 198 and 663(4), and any such other relief the Court deems fair and equitable.

117.    Plaintiff and New York Class members are entitled to declaratory relief stating Defendant's actions as described herein were and are unlawful.

## JURY DEMAND

118.    Plaintiff hereby requests a trial by jury.

## PRAYER

119.    For these reasons, Plaintiff and Collective and Class members respectfully request that judgment be entered in their favor awarding the following relief:

i. An order preventing Defendant from retaliating in any way against Plaintiff and any putative Collective or New York Class member who joins or elects not to opt-out of the present suit based on their pursuit of these claims alleged herein;

ii. An order designating this action as a collective action on behalf of the Collective and issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals;

iii. An order finding Defendant violated the FLSA willfully;

iv. All unpaid wages due under the FLSA

v. An equal amount as liquidated damages as allowed under the FLSA;

vi. Reasonable attorneys' fees, costs, and expenses of this action as provided by the FLSA;

vii. An order certifying this case as a Class Action under Rule 23 of the Federal Rules of Civil Procedure;

viii. An order finding that Defendant violated the NYLL;

ix. An order finding that Defendant violated the NYLL willfully;

x. All unpaid overtime wages due under the NYLL to the extent same does not duplicate regular wages due under the FLSA;

xi.   All unpaid spread of hours compensation due under the NYLL;

xii.   Disgorgement of Defendant's ill-gotten gains as described herein;

xiii.   All damages due under the NYLL for failure to furnish accurate and complete wage statements;

xiv.   All attorneys' fees, costs and disbursements as provided by the NYLL;

xv.   Pre- and post-judgment interest as provided by the NYLL; and

xvi.   Such other and further relief to which Plaintiff and Collective and Class members may be entitled at law or in equity.

SCHNEIDER WALLACE
COTTRELL KONECKY LLP

*/s/ John J. Nestico*
John J. Nestico (N.Y. SBN 1724020)
6000 Fairview Road, Suite 1200
Charlotte, North Carolina 28210
Tel: (510) 740-2946; Fax: (415) 421-7105
jnestico@schneiderwallace.com

Carolyn H. Cottrell (Cal. SBN 166977)
*Pro Hac Vice* forthcoming
Ori Edelstein (Cal. SBN 268145)
*Pro Hac Vice* forthcoming
2000 Powell Street, Suite 1400
Emeryville, California 94608
Tel: (415) 421-7100; Fax: (415) 421-7105
ccottrell@schneiderwallace.com
oedelstein@schneiderwallace.com

William M. Hogg (Tex. SBN 24087733)
*Pro Hac Vice* forthcoming
3700 Buffalo Speedway, Suite 960
Houston, Texas 77098
Tel: (713) 338-2560; Fax: (415) 421-7105
whogg@schneiderwallace.com

*Counsel for Plaintiff, Class and Collective Members*