UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

**DENISE DAVELLA**, *on behalf of herself and all others similarly situated*,

                    **Plaintiff**,

vs.                                            1:20-cv-00726 (MAD/ATB)

**ELLIS HOSPITAL, INC.**, *doing business as Ellis Medicine*,

                    **Defendant.**

_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| **SCHNEIDER WALLACE COTTRELL KONECKY LLP**<br>2000 Powell Street, Suite 1400<br>Emeryville, California 94608<br>Attorneys for Plaintiff | **CAROLYN HUNT COTTRELL, ESQ.**<br>**ORI EDELSTEIN, ESQ.** |
| **SCHNEIDER WALLACE COTTRELL KONECKY LLP**<br>6000 Fairview Road, Suite 1200<br>Charlotte, North Carolina 28210<br>Attorneys for Plaintiff | **JOHN J. NESTICO, ESQ.** |
| **SCHNEIDER WALLACE COTTRELL KONECKY LLP**<br>3700 Buffalo Speedway, Suite 300<br>Houston, Texas 77098<br>Attorneys for Plaintiff | **WILLIAM M. HOGG, ESQ.** |
| **BOND, SCHOENECK & KING, PLLC**<br>268 Broadway, Suite 104<br>Saratoga Springs, New York 12866<br>Attorneys for Defendant | **MICHAEL D. BILLOK, ESQ.** |
| **BOND, SCHOENECK & KING, PLLC**<br>22 Corporate Woods Boulevard, Suite 501<br>Albany, New York 12211<br>Attorneys for Defendant | **ERIC M. O'BRYAN, ESQ.** |

1

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

On June 30, 2020 Plaintiff Denise Davella ("Plaintiff Davella") filed this putative class action against Defendant Ellis Hospital, doing business as Ellis Medicine ("Defendant"), alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York State Labor Law ("NYLL"), N.Y. Lab. Law § 650 *et seq. See* Dkt. No. 1. After filing an amended complaint on August 11, 2020, Plaintiff Davella filed a notice of consent to join collective action on August 31, 2020, joining Plaintiff Lorraine Pizzo ("Plaintiff Pizzo") to the action. *See* Dkt. Nos. 16, 19.

On October 26, 2020, Plaintiffs filed a second amended complaint containing third and fourth causes of action under the NYLL for failure to pay overtime compensation and declaratory relief for Defendant's alleged failure to provide meal periods. *See* Dkt. No. 25 at ¶¶ 96-110. On November 20, 2020, Defendant filed a motion to dismiss Plaintiffs' third and fourth claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See* Dkt. No. 28. Plaintiffs filed a response in opposition to Defendant's motion to dismiss on January 4, 2021. *See* Dkt. No. 31. On January 22, 2021, Defendant filed a reply to Plaintiffs' response. *See* Dkt. No. 32. Presently before the Court is Defendant's motion to dismiss. For the following reasons, Defendant's motion is granted in part and denied in part.

### II. BACKGROUND

Plaintiffs, nurses employed by Defendant, bring this case in response to Defendant's timekeeping policies. *See* Dkt. No. 25 at ¶¶ 10-11. Defendant deducts a 30-minute meal period from shifts even though employees stay on duty and are sometimes expected to continue working

2

during this period. *See id.* at ¶ 2. Additionally, Defendant utilizes a rounding policy, where employees arrive early to their shifts but cannot clock in until a few minutes before it starts and are instructed to clock out within a few minutes of when it ends. *See id.* at ¶ 3.

Plaintiffs allege that they are "non-exempt" employees under the NYLL. *See id.* at ¶ 1. Plaintiffs' duties include the following: "providing patient care and monitoring, administering medicine to patients, interacting with other hospital employees and visitors, monitoring patient vitals, completing charting and patient paperwork, and responding to emergency situations." *Id.* at ¶ 30.

In addition to their NYLL claims at issue on this motion to dismiss, Plaintiffs claim that Defendant failed to keep accurate payroll records in violation of NYLL sections 195 and 661, and failed to provide accurate itemized wage statements in violation of NYLL sections 195, 198, and 199. *See id.* at ¶¶ 111-21. Additionally, Plaintiffs bring claims under the FLSA, including failure to pay overtime compensation for work performed during unpaid meal periods and failure to pay overtime compensation for work performed while off-the-clock under Title 29, United States Code, Section 207. *See id.* at ¶¶ 75-95. Plaintiffs bring this action on behalf of all Defendant's non-exempt employees who have provided patient care from six years before the complaint was filed until the action is resolved. *See id.* at ¶ 1.

### III. DISCUSSION

A.   **Legal Standard**

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the party's claim for relief. *See Patane v. Clark*, 508 F.3d 106, 111-12 (2d Cir. 2007) (citation omitted). In considering the legal sufficiency, a court must accept as true all well-pleaded facts in the pleading and draw all

reasonable inferences in the pleader's favor. *See ATSI Commc'ns, Inc. v. Shaar Fund. Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (citation omitted).  This presumption of truth, however, does not extend to legal conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Although a court's review of a motion to dismiss is generally limited to the facts presented in the pleading, the court may consider documents that are "integral" to that pleading, even if they are neither physically attached to, nor incorporated by reference into, the pleading. *See Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002)).

To survive a motion to dismiss, a party need only plead "a short and plain statement of the claim," *see* Fed. R. Civ. P. 8(a)(2), with sufficient factual "heft to 'sho[w] that the pleader is entitled to relief[,]'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (quotation omitted). Under this standard, the pleading's "[f]actual allegations must be enough to raise a right to relief above the speculative level," *see id.* at 555 (citation omitted), and present claims that are "plausible on [their] face," *id.* at 570.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citation omitted).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'"  *Id.* (quoting [*Twombly*, 550 U.S.] at 557, 127 S. Ct. 1955). Ultimately, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," *Twombly*, 550 U.S. at 558, or where a plaintiff has "not nudged [its] claims across the line from conceivable to plausible, the[] complaint must be dismissed[,]" *id.* at 570.

**B.    NYLL Overtime Compensation Claim**

   *1. Professional Exemption*

4

Pursuant to the New York Department of Labor's overtime rate regulation, "[a]n employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate in the manner and methods provided in and subject to the exemptions of" the FLSA, found at 29 U.S.C. §§ 7, 13.  12 N.Y.C.R.R. § 142-2.2.  Employees working in a bona fide "professional capacity" are exempt from this provision.  *Id.* § 142-2.14(c)(4)(iii).  For this exemption to apply in New York, "the employer need not satisfy a 'salary' test, only a duties test." *Dingwall v. Friedman Fisher Assocs., P.C.*, 3 F. Supp. 2d 215, 220 (N.D.N.Y. 1998).  The employer must show the employee's "primary duty" includes work "requiring knowledge of an advanced type in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction and study" and that the "work requires the consistent exercise of discretion and judgment in its performance."  12 N.Y.C.R.R. § 142-2.14(c)(4)(iii)(*a*)-(*b*).  If Plaintiffs fall under the professional exemption, they cannot recover overtime pay.  *See Gordon v. Kaleida Health*, 299 F.R.D. 380, 388-99 (W.D.N.Y. 2014) (citations omitted).

Defendant claims that Plaintiffs, as registered nurses, are exempt as a matter of law.  *See* Dkt. No. 28-1 at 11.  However, the cases Defendant cites in support of this proposition are distinguishable from the case at hand.  For instance, *Bongat v. Fairview Nursing Care Center, Inc.*, 341 F. Supp. 2d 181 (E.D.N.Y. 2004), involved a motion for summary judgment, not a motion to dismiss.  *Id.* at 183, 187 (holding that the plaintiffs were registered nurses who satisfied the duties test for NYLL's professional exemption).  Likewise, *Gordon v. Kalida Health*, 299 F.R.D. 380 (W.D.N.Y. 2014), was decided at the summary judgment stage.  *Id.* at 383.

In *Gordon*, the plaintiffs' NYLL and FLSA claims had survived the defendant's motion to dismiss.  *Id.*  There, the claims were similar to Plaintiffs' claims in this case.  The plaintiffs in *Gordon* alleged they were required to work during meal periods and did not receive pay for work

5

before or after their scheduled shifts. *Id.* The court concluded that the plaintiffs, registered nurses, were exempt from the NYLL's wage and overtime requirements, and therefore granted summary judgment in the defendant's favor. *Id.* at 388, 404-05. However, the grant of summary judgment in *Gordon* came after the parties and the court had the benefit of discovery.

Cases in this Circuit have made clear that determining whether the professional exemption applies is a fact-intensive inquiry that requires the Court to look at not only the plaintiff's job title, but also at the actual duties performed. *See Isett v. Aetna Life Ins. Co.*, 947 F.3d 122, 129-30 (2d Cir. 2020); *DeLuca v. Sirius XM Radio, Inc.*, No. 12-cv-8239, 2017 WL 3671938, *26 (S.D.N.Y. Aug. 7, 2017) (noting that determining whether the plaintiff meets the professional exemption "is a 'highly fact-intensive inquiry that is to be made on a case-by-case basis in light of the totality of the circumstances'") (quotation omitted); *Ruggles v. WellPoint, Inc.*, 272 F.R.D. 320, 339 (N.D.N.Y. 2011). Further, as noted above, the burden is on the defendant to establish that the professional exemption applies because it is an affirmative defense; and, therefore, the plaintiff is not required to plead facts demonstrating that they are non-exempt employees. *See Dejesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 91 n.7 (2d Cir. 2013) (citations omitted).

Even if Plaintiffs here are registered nurses, their actual job duties while employed by Defendant may differ from those typically performed by registered nurses. The second amended complaint is particularly vague about Plaintiffs' duties. It merely states that Plaintiffs are "nurses" who are responsible for "providing patient care and monitoring, administering medicine to patients, interacting with other hospital employees and visitors, monitoring patient vitals, completing charting and patient paperwork, and responding to emergency situations." Dkt. No. 25 at ¶¶ 27, 30. It adds that, during meal breaks, Plaintiffs "are required to respond to calls from their patients, doctors, patients' families, other patient care staff and hospital staff, attend to the

normal demands of the job, and otherwise respond to emergencies." *Id.* at ¶ 33. Plaintiff Pizzo "assist[s] hospital personnel" and "answer[s] patient-related questions" and Plaintiff Davella "answer[s] patient questions." *Id.* at ¶ 36.

The facts in the complaint do not give sufficient detail to conclude either that Plaintiffs are registered nurses or that their duties require knowledge of an advanced type or involve the exercise of discretion. While Defendant wishes this Court to take judicial notice of documents from a website that indicate Plaintiffs are registered nurses, doing so would be inappropriate at this stage and would still not be dispositive of whether the professional exemption applies to the present matter. *See* Dkt. No. 32 at 6-8; *Isett*, 947 F.3d at 134-38. Discovery is necessary to determine the extent of Plaintiffs' duties and therefore whether they are exempt registered nurses.

### 2. Standing

Under Article III of the United States Constitution, a federal court may only exercise subject matter jurisdiction over cases in which the plaintiff has standing. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). A plaintiff bears the burden of establishing the three "irreducible constitutional minimum" elements of Article III standing. *See id.* "The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robbins*, —U.S.—, 136 S. Ct. 1540, 1547 (2016).

To establish an "injury in fact," a plaintiff must show that he or she suffered "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) 'actual or imminent, not "conjectural" or "hypothetical."'" *Lujan*, 504 U.S. at 560 (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 155, 110 S. Ct. 1717, 109 L. Ed. 2d 135 (1990)). To be "particularized," an injury must affect the plaintiff "in a personal and individual way," and to be "concrete" an injury "must be '*de*

7

*facto*'; that is, it must actually exist." *Spokeo*, 136 S. Ct. at 1548. As for the "actual or imminent" requirement, a plaintiff must allege a non-speculative injury. *See Lujan*, 504 U.S. at 583-84. In a class action, "only one of the named Plaintiffs is required to establish standing in order to seek relief on behalf of the entire class." *Tomassini v. FCA USA LLC*, 326 F.R.D. 375, 385 (N.D.N.Y. 2018) (quotation omitted).

Defendant claims that Plaintiffs do not have standing to sustain their NYLL overtime claim because Plaintiffs have not suffered an injury under NYLL's overtime provisions. *See* Dkt. No. 28-1 at 15-17. To support this position, Defendant relies on its premature assertion that Plaintiffs are registered nurses and therefore exempt. *See* Dkt. No. 28-1 at 17. However, as discussed previously, it cannot be determined at this stage whether Plaintiffs are exempt from the overtime provisions of the NYLL. Because Plaintiffs allege that they are non-exempt employees, they are included in the putative class for NYLL overtime compensation and have alleged an injury in fact. *See* Dkt. No. 25 at ¶ 1. It would therefore be inappropriate to rule that Plaintiffs do not have standing at this time. Accordingly, Defendant's motion to dismiss is denied with respect to this claim.

**C.     Declaratory Action for Failure to Provide Meal Periods**

"An action for declaratory judgment enables the court to decide disputes between parties having adverse legal interests when there is a substantial controversy that has not yet resulted in a violation of one of the parties['] rights." *Halo Optical Prods., Inc. v. Liberty Sport, Inc.*, No. 6:14-cv-00282, 2016 WL 796069, *2 (N.D.N.Y. Feb. 22, 2016) (citation omitted). A federal court has jurisdiction over an action for declaratory relief "if the dispute is 'definite and concrete, touching the legal relations of parties having adverse legal interests' and is 'real and substantial,' such that it 'admit[s] of specific relief through a decree of a conclusive character, as distinguished from an

8

opinion advising what the law would be upon a hypothetical state of facts.'" *Saleh v. Sulka Trading Ltd.*, 957 F.3d 348, 353-54 (2d Cir. 2020) (quotation omitted). Declaratory relief is therefore only appropriate in cases posing an actual controversy, "a requirement that incorporates into the statute the case or controversy limitation on federal jurisdiction found in Article III of the Constitution." *Niagara Mohawk Power Corp. v. Tonawanda Band of Seneca Indians*, 94 F.3d 747, 752 (2d Cir. 1996) (citing *Aetna Life Ins. Co. of Hartford v. Haworth*, 300 U.S. 227, 239-40 (1937)) (other citation omitted). Additionally, courts have discretion to deny declaratory relief when it "would not serve a useful purpose in clarifying and settling legal relationships to terminate or afford relief from uncertainty or insecurity." *Adler v. Pataki*, 204 F. Supp. 2d 384, 390 (N.D.N.Y. 2002).

Plaintiffs seek declaratory relief holding that Defendant violated and continues to violate NYLL section 162 for failure to provide proper meal periods. *See* Dkt. No. 25 at ¶ 110. NYLL section 162(2) provides that "[a]n employee who works a shift of more than six hours which extends over the noon day meal period is entitled to at least thirty minutes off within that period for the meal period." However, Plaintiffs' claim must be dismissed because there is no private right to enforce this section. *See Browne v. IHOP*, No. 05-CV-2602, 2005 WL 1889799, *1 (E.D.N.Y. Aug. 9, 2005) (citations omitted). Additionally, the Court finds that declaratory judgment on this issue would not serve to clarify or settle any legal uncertainty because the right and responsibility to enforce NYLL section 162 sits squarely with the Commissioner of Labor. *See* N.Y. Lab. Law § 218(1); *Romero v. DHL Express, Inc.*, No. 12-CV-1942, 2015 WL 1315191, *7 (S.D.N.Y. Mar. 24, 2015) (citing cases). In fact, cases regularly dismiss claims seeking a declaratory judgment where the underlying statute does not provide for a private right of action. *See Magnoni v. Plainedge Union Free Sch. Dist.*, No. 2:17-cv-4043, 2018 WL 4017585, *7

(E.D.N.Y. Aug. 22, 2018); *Agerbrink v. Model Serv. LLC*, No. 14-cv-7841, 2015 WL 3750674, *4-5 (S.D.N.Y. June 16, 2015) (citing cases); *School v. Language and Commc'n Dev. v. N.Y.S. Dep't of Educ.*, No. 02-cv-269, 2008 WL 11449220, *8 (E.D.N.Y. Mar. 31, 2008). Since there is no private cause of action to enforce section 162 of the NYLL, it follows that that this claim must be dismissed, regardless of the relief sought. *See Johnson v. JPMorgan Chase Bank, N.A.*, 488 F. Supp. 3d 144, 157-58 (S.D.N.Y. 2020).

Accordingly, Defendant's motion to dismiss is granted with respect to this claim.

## IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Defendant's motion to dismiss (Dkt. No. 28) is **GRANTED in part and DENIED in part**[1]; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: May 5, 2021
Albany, New York

Mae A. D'Agostino
U.S. District Judge

---

[1] Only Plaintiffs' fourth cause of action for declaratory relief is dismissed. All other claims alleged in the second amended complaint remain.