UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DENISE DAVELLA, *individually and on behalf of*
 *all others similarly situated*,

                                         **Plaintiff,**

   vs.                                    1:20-CV-726
                                               (MAD/MJK)

**ELLIS HOSPITAL, INC.**, *doing business as*
*Ellis Medicine*,

                                         **Defendant.**
_____

**APPEARANCES:**                                **OF COUNSEL:**

**SCHNEIDER WALLACE COTTRELL**      **CAROLYN HUNT COTTRELL, ESQ.**
**KONECKY LLP**                            **ORI EDELSTEIN, ESQ.**
2000 Powell Street, Suite 1400        **DAVID CHRISTOPHER LEIMBACH,**
Emeryville, California 94608          **ESQ.**
Attorneys for Plaintiff                   **ROBERT E. MORELLI, III, ESQ.**

**SCHNEIDER WALLACE COTTRELL**      **JOHN J. NESTICO, ESQ.**
**KONECKY LLP**
6000 Fairview Road, Suite 1200
Charlotte, North Carolina 28210
Attorney for Plaintiff

**BOND, SCHOENECK & KING, PLLC**    **MICHAEL D. BILLOK, ESQ.**
268 Broadway, Suite 104
Saratoga Springs, New York 12866
Attorney for Defendant

**BOND, SCHOENECK & KING, PLLC**    **ERIC M. O'BRYAN, ESQ.**
22 Corporate Woods Boulevard, Suite 501
Albany, New York 12211
Attorney for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

## I. INTRODUCTION

1

Plaintiff Denise Davella ("Davella"), on behalf of herself and those similarly situated ("Plaintiffs"), filed a third amended complaint against Defendant Ellis Hospital, d/b/a/ Ellis Medicine ("Defendant"), alleging violations of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") for failure to pay full compensation. *See generally* Dkt. No. 88. On December 14, 2022, Davella moved for conditional class certification. *See* Dkt. No. 115. Defendant responded in opposition, and Davella replied. *See* Dkt. Nos. 116, 117. On August 21, 2023, the Court granted Davella's motion for conditional class certification. *See* Dkt. No. 124.

Presently before the Court is Defendant's motion for a certificate of appealability seeking to file an interlocutory appeal from the Court's August 21, 2023 Order. *See* Dkt. No. 133. Davella responded in opposition, and Defendant replied. *See* Dkt. Nos. 138, 139. For the following reasons, Defendant's motion is denied.

## II.  BACKGROUND

Plaintiffs are non-exempt nurses who worked for Defendant and allege that Defendant failed to compensate similarly situated employees for work performed during unpaid meal periods and while off-the-clock. *See* Dkt. No. 88 at ¶¶ 1, 27-28. In response to Davella's motion to certify a conditional class of Plaintiffs, Defendant asserted that based on Davella and the Opt-in Plaintiffs' testimonies, Defendant did not have a common policy or plan to not pay its employees and that the Opt-in Plaintiffs were not similarly situated to Davella. *See* Dkt. No. 116 at 19-24. On August 21, 2023, the Court conditionally certified the following class of Plaintiffs:

> [a]ll current and former hourly, non-exempt patient care workers (including Registered Nurses, Licensed Vocational Nurses, Patient Care Technicians, and other workers with similar direct patient care responsibilities) employed by Defendant Ellis Hospital Inc. d/b/a Ellis Medicine at any time from June 30, 2017, through resolution of this action ("Ellis Patient Care Workers").

Dkt. No. 124 at 14-15.

The Court explained that "[t]he Second Circuit has adopted a two-stage method of certification in opt-in collective actions under the FLSA" which requires "a modest factual showing" at the first step. *Id.* at 6 (citing *Myers v. Hertz Corp.*, 624 F.3d 537, 554-55 (2d Cir. 2010)). The Court acknowledged that some courts apply "a one step 'modest-plus' evidentiary standard as to whether the individuals are similarly situated." *Id.* at 8. The Court found "it unnecessary to apply the modest-plus standard," but concluded that "[b]ased on the[] allegations, testimonies, and evidence, Plaintiffs made a sufficient factual showing that they were subject to the same alleged unlawful policy or practice and have advanced their allegations enough to meet the modest plus burden." *Id.* at 12-13.

At step two, "with the benefit of additional factual development, the district court determines whether the collective action may go forward by determining whether the opt-in plaintiffs are in fact similarly situated to the named plaintiffs." *Glatt v. Fox Searchlight Pictures, Inc.*, 811 F.3d 528, 540 (2d Cir. 2016). A defendant can then move to decertify the class "if the record at step two reveals that the opt-in plaintiffs are not similarly situated to the named plaintiffs." *Thind v. Healthfirst Mgmt. Servs., LLC*, No. 14-CV-9539, 2016 WL 7187627, *2 (S.D.N.Y. Dec. 9, 2016) (citing *Myers*, 624 F.3d at 555); *see also Johnson v. Wave Comm GR LLC*, 4 F. Supp. 3d 453, 457-58 (N.D.N.Y. 2014) ("A district court may later decertify a previously certified class if it becomes apparent that the requirements of Rule 23 are in fact, not met"). In ruling on such a motion, "district courts typically consider whether there are (1) disparate factual and employment settings of the individual plaintiffs; (2) defenses available to defendants which appear to be individual to each plaintiff; and (3) fairness and procedural considerations counseling for or against collective action treatment." *Roach v. T.L. Cannon*

3

*Corp.*, No. 3:10-CV-0591, 2017 WL 11529679, *13 (N.D.N.Y. Sept. 27, 2017) (quotation omitted).

### III. DISCUSSION

Federal appellate jurisdiction is generally limited to review of only the "final decisions of the district courts." 28 U.S.C. § 1291. "This final-judgment rule . . . preserves the proper balance between trial and appellate courts, minimizes the harassment and delay that would result from repeated interlocutory appeals, and promotes the efficient administration of justice." *Microsoft Corp. v. Baker*, 582 U.S. 23, 36-37 (2017) (citing *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 374 (1981)); *see also Nat'l Asbestos Workers Med. Fund v. Philip Morris, Inc.*, 71 F. Supp. 2d 139, 149 (E.D.N.Y. 1999) (observing that the final-judgment rule preserves, *inter alia*, "the distinct and vital role of the trial judge in the federal system"). It also evidences Congress's "preference that some erroneous trial court rulings go uncorrected until the appeal of a final judgment, rather than having litigation punctuated by 'piecemeal appellate review of trial court decisions which do not terminate the litigation.'" *Fischer v. N.Y. State Dep't of Law*, 812 F.3d 268, 273 (2d Cir. 2016) (quoting *United States v. Hollywood Motor Car Co.*, 458 U.S. 263, 265 (1982)). However, § 1292(b) vests a district court with discretion to certify an order in a civil action for immediate appeal if (1) it "involves a controlling question of law," (2) "as to which there is substantial ground for difference of opinion," and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).

"[T]he proponents of an interlocutory appeal have the burden of showing that all three of the substantive criteria are met." *In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 986 F. Supp. 2d 524, 529 (S.D.N.Y. 2014). However, "[e]ven where the three legislative criteria of [§] 1292(b) appear to be met, district courts retain 'unfettered discretion to deny certification' if other factors

counsel against it." *Id.* (quoting *Transp. Workers Union of Am., Local 100, AFL–CIO v. N.Y. City Transit Auth.*, 358 F. Supp. 2d 347, 351 (S.D.N.Y. 2005)); *see also United States ex rel. Quartararo v. Cath. Health Sys. of Long Island Inc.*, 521 F. Supp. 3d 265, 273 (E.D.N.Y. 2021) (quotation marks and quotations omitted) ("Because [i]nterlocutory appeals are presumptively disfavored, district courts have broad discretion to deny certification even where the statutory criteria are met"). "Section 1292(b) was not intended 'to open the floodgates to a vast number of appeals from interlocutory orders in ordinary litigation' or to be a 'vehicle to provide early review of difficult rulings in hard cases.'" *Primavera Familienstifung v. Askin*, 139 F. Supp. 2d 567, 570 (S.D.N.Y. 2001) (quotations omitted). Rather, "[c]ertification is only warranted in 'exceptional cases,' where early appellate review 'might avoid protracted and expensive litigation.'" *Id.* (quotation omitted).

>Here, Defendant contends that two issues should be certified for interlocutory appeal:
>
>>(1) Whether the two-step process for FLSA collective certification generally followed by district courts in this Circuit is the correct process; and
>>
>>(2) If the two-step process of conditional and final certification is the correct process, to what extent should a court evaluate evidence during conditional certification when extensive discovery has already occurred.

Dkt. No. 133-1 at 5. Defendant argues that (1) the appropriate standard for conditionally certifying an FLSA collective is a controlling issue of law; (2) a substantial ground for difference of opinion exists regarding the appropriate standard; and (3) resolution of the issue would advance the termination of this litigation. *See id.* at 7-15. Defendant also seeks a stay of discovery pending resolution of any interlocutory appeal. *See id.* at 15-17. Davella responds in opposition on all grounds. *See* Dkt. No. 138 at 11-21.

5

A.      **Substantial Ground for Difference of Opinion**

Section 1292(b) requires a "substantial ground for difference of opinion." 28 U.S.C. § 1292(b). A substantial ground for difference of opinion can exist "when '(1) there is conflicting authority on the issue, or (2) the issue is particularly difficult and of first impression for the Second Circuit.'" *Capitol Recs., LLC v. Vimeo, LLC*, 972 F. Supp. 2d 537, 551 (S.D.N.Y. 2013) (quoting *In re Enron Corp.*, No. 06-CV-7828, 2007 WL 2780394, *1 (S.D.N.Y. Sept. 24, 2007)). "The mere presence of a disputed issue that is a question of first impression, standing alone, is insufficient to demonstrate a substantial ground for difference of opinion." *Id.* (quoting *In re Flor*, 79 F.3d 281, 284 (2d Cir. 1996)). Instead, "'[i]t is the duty of the district judge . . . to analyze the strength of the arguments in opposition to the challenged ruling when deciding whether the issue of appeal is truly one on which there is a *substantial* ground for dispute.'" *In re Flor*, 79 F.3d at 284 (quoting *Max Daetwyler Corp. v. Meyer*, 575 F. Supp. 280, 283 (E.D. Pa. 1983)). For there to be a substantial ground for a difference of opinion, "there must be 'substantial doubt' that the district court's order was incorrect." *Estevez-Yalcin v. The Children's Village*, No. 01-CV-8784, 2006 WL 3420833, *4 (S.D.N.Y. Nov. 27, 2006) (quotations omitted).

Section 1292(b) does not specify whether a difference of opinion must exist within the deciding court's circuit or can be derived from cases across the country. *See* 28 U.S.C. § 1291(b). Defendant asks for a broader reading of the statute and identifies recent Fifth and Sixth Circuit cases which apply higher standards for conditional class certification to establish a "difference of opinion." Dkt. No. 113-1 at 9-10. Davella advocates for a narrower reading of § 1292(b) and states that there is no difference of opinion within the Second Circuit. *See* Dkt. No. 138 at 11-15.

In 2010, the Second Circuit explained that is had "not yet provided clear guidance on the standard district courts should apply to motions seeking certification of a 'collective action' under

6

§ 216(b) of FLSA." *Myers*, 624 F.3d at 554. The Second Circuit stated that "[a]lthough they are not required to do so by FLSA, district courts 'have discretion, in appropriate cases, to implement [§ 216(b)] . . . by facilitating notice to potential plaintiffs' of the pendency of the action and of their opportunity to opt-in as represented plaintiffs." *Id.* (quotation omitted). It also noted that "[i]n determining whether to exercise this discretion in an 'appropriate case[ ],' the district courts of this Circuit appear to have coalesced around a two-step method, a method which, while again not required by the terms of FLSA or the Supreme Court's cases, we think is *sensible*." *Id.* (emphasis added) (footnote omitted). Then, in 2020, the Second Circuit stated that "[p]rocedurally, we have *endorsed* a two-step process for certifying FLSA collective actions based on the 'similarly situated' requirement." *Scott v. Chipotle Mexican Grill, Inc.*, 954 F.3d 502, 515 (2d Cir. 2020) (emphasis added).

      Defendant relies on two cases from the Fifth and Sixth Circuits which apply a different standard than the two-step process the Second Circuit "endorsed." *Scott*, 954 F.3d at 515; *see also* Dkt. No. 133-1 at 10. In 2021, the Fifth Circuit acknowledged that the two-step approach was "'the near-universal practice' of the district courts" but rejected the approach. *Swales v. KLLM Transp. Servs., L.L.C.*, 985 F.3d 430, 436 (5th Cir. 2021). The Fifth Circuit concluded that

> [i]nstead of adherence to . . . any test for "conditional certification," a district court should identify, at the outset of the case, what facts and legal considerations will be material to determining whether a group of "employees" is "similarly situated." And then it should authorize preliminary discovery accordingly. The amount of discovery necessary to make that determination will vary case by case, but the initial determination must be made, and as early as possible. In other words, the district court . . . should dictate the amount of discovery needed to determine if and when to send notice to potential opt-in plaintiffs.

*Id.* at 441. The Fifth Circuit explained that "addressing these issues from the outset aids the district court in deciding whether notice is necessary. And it ensures that any notice sent is proper in scope—that is, sent only to potential plaintiffs." *Id.* at 442. Further, "[t]o determine, then, whether and to whom notice should be issued in this case, the district court needs to consider all of the available evidence." *Id.*

In May 2023, the Sixth Circuit noted that it "had not yet addressed the merits of the [] two-step 'certification' approach." *Clark v. A&L Homecare & Training Ctr., LLC*, 68 F.4th 1003, 1008 (6th Cir. 2023) (citation omitted). The Sixth Circuit then rejected the two-step approach and stated that it did not "think a district court should facilitate notice upon merely a 'modest showing' or under a 'lenient standard' of similarity." *Id.* at 1010. Rather, the Sixth Circuit concluded that "[t]o the extent practicable . . . court-approved notice of the suit should be sent only to employees who are in fact similarly situated. A district court's determination to facilitate notice in an FLSA suit is analogous to a court's decision whether to grant a preliminary injunction." *Id.* Thus, the Sixth Circuit held "that, for a district court to facilitate notice of an FLSA suit to other employees, the plaintiffs must show a 'strong likelihood' that those employees are similarly situated to the plaintiffs themselves." *Id.* at 1011.

Cases outside of the Second Circuit have defined a substantial ground for difference of opinion as existing "where there is 'a dearth of precedent within the controlling jurisdiction and conflicting decisions in other circuits,' or 'where a court's challenged decision conflicts with decisions of several other courts.'" *Coal. For Equity & Excellence In Maryland Higher Educ. v. Maryland Higher Educ. Comm'n*, No. 06-CV-2773, 2015 WL 4040425, *6 (D. Md. June 29, 2015) (quoting *APCC Servs., Inc. v. Sprint Commc'ns Co.*, 297 F. Supp. 2d 90, 97-98 (D.D.C. 2003)); *see also In re Examination of Privilege Claims*, No. 15-0015, 2016 WL 11713117, *4

(W.D. Wash. Jan. 25, 2016) (same); *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010) (citation omitted) ("Courts traditionally will find that a substantial ground for difference of opinion exists where 'the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented'").

Numerous district courts within the Second Circuit have interpreted a "difference of opinion" to mean "a substantial difference of opinion *in this Circuit*." *Scott v. Chipotle Mexian Grill, Inc.*, No. 12-CV-8333, 2013 WL 5782440, *2 (S.D.N.Y. Oct. 25, 2013); *see also Ryan, Beck & Co., LLC v. Fakih*, 275 F. Supp. 2d 393, 398 (E.D.N.Y. 2003) (quotation omitted) ("Disagreement among courts outside the Second Circuit does not establish a substantial ground for difference of opinion"); *Transp. Workers Union of Am., Loc. 100, AFL-CIO v. New York City Transit Auth.*, 358 F. Supp. 2d 347, 354, n.27 (S.D.N.Y. 2005) (citations omitted) ("Indeed, courts have found that there is no substantial ground for difference of opinion even where an issue is of first impression, or where there is disagreement among courts outside the Circuit"); *Buehlman v. Ide Pontiac, Inc.*, 268 F. Supp. 3d 437, 443 (W.D.N.Y. 2017) (quotations omitted) ("[I]t is unnecessary to delve into the nuances of those out-of-circuit opinions as it is well-established that '[d]isagreement among courts outside the Second Circuit does not establish a substantial ground for difference of opinion'").

However, in 2013, a case in the Southern District of New York concluded that "[t]he intra-district split and decisions from other circuits clearly show a substantial basis exists for difference of opinion." *Glatt v. Fox Searchlight Pictures Inc.*, No. 11-CV-6784, 2013 WL 5405696, *2 (S.D.N.Y. Sept. 17, 2013). A District of Connecticut court also noted that "to the extent that courts have considered whether there is conflicting authority in other circuits, it appears that the

9

analysis was directed toward determining the strength of the opposing arguments." *Healthcare Strategies, Inc. v. ING Life Ins. & Annuity Co.*, No. 3:11-CV-282, 2012 WL 13027294, *3 (D. Conn. Dec. 27, 2012). In 2016, the Southern District of New York also noted that "[s]everal district courts in other Circuits have reasoned that the degree of scrutiny applied should increase in proportion to the discovery that has been conducted." *Korenblum v. Citigroup, Inc.*, 195 F. Supp. 3d 475, 481 (S.D.N.Y. 2016) (collecting cases). "Closer scrutiny, however, reveals that there is less consensus within the Circuit than might appear at first blush. First, even where courts in this Circuit have ostensibly declined to increase scrutiny after some discovery has taken place, they have considered the evidence obtained in discovery." *Id.* (collecting cases). "Second, courts have either applied, or expressly remained open to applying, second-stage scrutiny in the first instance when discovery has been completed." *Id.* (collecting cases).

Even this Court, in its decision on the motion for conditional certification, concluded that the appropriate standard to apply was the two-step approach requiring only a "modest" factual showing of similarity. Dkt. No. 124 at 6. To meet that burden, the Court explained that courts look to a plaintiff's "own pleadings, affidavits, declarations, or the affidavits and declarations of other potential class members.'" *Id.* (quoting *Griffin v. Aldi, Inc.*, No. 5:16-CV-354, 2017 WL 1397320, *2 (N.D.N.Y. Feb. 22, 2017)). However, throughout the Court's analysis, it relied on the depositions submitted by Davella from various Opt-in Plaintiffs and concluded that Davella met the "modest-plus" standard. *See id.* at 11-14, 16. The Court noted Defendant's reliance on *Korenblum*, but emphasized that even where a court considers additional information, as in *Korenblum*, "this standard still does not involve 'weighing the merits of the underlying claims.'" *Id.* at 8 (quotation omitted); *see also Korenblum*, 195 F. Supp. 3d at 482 (citation omitted) ("[T]he Court still will not decide the ultimate merits of the case or issues better suited for a

10

decertification motion. And the Court draws no negative inferences of any sort where evidence is lacking because [the p]laintiffs may not have received discovery on the issue").

Additional district courts within the Second Circuit have also applied a higher standard of review to the first stage of a conditional certification motion than the "modest" standard. *See Rafter, v. Everlast Sign & Service Inc., et al.*, No. 21-CV-4588, 2023 WL 7687261, *5 (E.D.N.Y. Apr. 13, 2023) ("[W]here discovery as to the named [p]laintiffs and [d]efendants is complete, the Court must consider whether to apply a heightened standard of review. . . . [G]iven that discovery is substantially complete, but opt-in notices have not yet been distributed to potential additional plaintiffs, the [c]ourt will apply a slightly higher standard"); *Watterson v. RUI Mgmt. Servs., Inc.*, No. 20-CV-1783, 2022 WL 3867755, *5 (E.D.N.Y. Aug. 30, 2022) ("[T]he Court finds that a modest-plus standard is the appropriate standard to apply as the parties have engaged in some discovery, including document exchanges and party depositions, which is relied upon on this motion"). Senior District Judge Scullin recently explained,

> the difference between the original and "modest-plus" standards is whether the court considers only the pleadings and attached documents, or those documents *plus* the defendant's opposing materials. A court answers this question by looking at the amount of discovery that the parties have completed at the time of the plaintiffs' motion to conditionally certify the collective action. If the court applies the modest-plus standard, it does so "with an understanding 'that the body of evidence is necessarily incomplete.'"

*Sydney v. Time Warner Ent.-Advance/Newhouse P'ship*, No. 5:13-CV-286, 2022 WL 474146, *6 (N.D.N.Y. Feb. 16, 2022) (quoting *Spack v. World Ent. Corp.*, No. 1:17-CV-1335, 2019 WL 192344, *3 (N.D.N.Y. Jan. 15, 2019)). He continued, "if some discovery has been completed but much more still needs to be conducted, then the court applies a lower amount of scrutiny while still considering the defendant's opposing evidence." *Id.*

11

The foregoing caselaw indicates that, while the Second Circuit has found the two-step approach to be "sensible" and has "endorsed" the approach, it has not formally adopted a specific test for conditional class certification. *Myers*, 624 F.3d at 552; *Scott*, 954 F.3d at 515. Given the authority from other circuit courts applying different standards and rejecting the two-step approach and the apparent lack of consensus from the district courts within the Second Circuit as to whether to apply a modest standard, modest-plus standard, sliding scale approach, or otherwise, the Court concludes that there is a substantial difference of opinion.

Davella argues that there is no substantial difference of opinion because certifying an appeal would not change the Court's conditional certification decision. *See* Dkt. No. 11-12; *see also Buehlman v. Ide Pontiac, Inc.*, 268 F. Supp. 3d 437, 442 (W.D.N.Y. 2017) ("Section 1292(b)'s requirement that there be a substantial ground for a difference of opinion may be met where there is substantial doubt that the district court's order was incorrect"). Davella correctly notes that the Court concluded that the modest standard should apply but that "even if the Court utilized the modest-plus standard, Plaintiffs meet their burden." Dkt. No. 124 at 9; *see also* Dkt. No. 138 at 16-17. In its conditional certification decision, the Court relied on the evidence submitted by Davella, but did not discuss the evidence presented by Defendant. *See* Dkt. No. 124 at 11-14. Were the Second Circuit to adopt the Fifth or Sixth Circuit's approaches, then the Court would be required to consider Defendant's evidence and apply a stricter standard. Thus, the Court's conclusion on conditional certification could be different following the Second Circuit's decision on the matter.

**B.     Controlling Question of Law**

"[T]he 'question of law' must refer to a 'pure' question of law that the reviewing court could decide quickly and cleanly without having to study the record." *Capitol Recs.*, 972 F. Supp.

2d at 551 (quoting *Consub Delaware LLC v. Schahin Engenharia Limitada*, 476 F. Supp. 2d 305, 309 (S.D.N.Y. 2007)) (additional quotation marks omitted). "The question must also be 'controlling,' meaning that reversal of the district court's order 'would terminate the action, or at a minimum that determination of the issue on appeal would materially affect the litigation's outcome.'" *Id.* (quotation omitted).

Davella argues that a determination as to what process to apply to an FLSA conditional certification request is not a question of law because it is a procedural issue left to the district court's discretion. *See* Dkt. No. 138 at 18-20.

First, the Second Circuit has explained that "a 'constitutional claim' or 'question of law,' . . . would also arise where a discretionary decision is argued to be an abuse of discretion because it was made without rational justification or based on a legally erroneous standard." *Xiao Ji Chen v. U.S. Dep't of Just.*, 471 F.3d 315, 329 (2d Cir. 2006) (citing *United States ex rel. Hintopoulos v. Shaughnessy*, 353 U.S. 72, 76-78 (1957)); *see also RJE Corp. v. Northville Indus. Corp.*, 329 F.3d 310, 316 (2d Cir. 2003) (citation omitted) ("A court abuses its discretion when its decision rests on a legal error or a clearly erroneous factual finding, or when its decision does not fall within the range of permissible decisions"). The Second Circuit has also previously "certified for immediate review the question of whether a higher standard, urged by defendants, applies to motions to conditionally certify an FLSA collective made after discovery." *Glatt v. Fox Searchlight Pictures, Inc.*, 811 F.3d 528, 540 (2d Cir. 2016). The Second Circuit did not "decide that question, however." *Id.* Subsequently, the Fifth and Sixth Circuit cases that certified the same issue for interlocutory appeal concluded that the issue involved a controlling question of law. *See Swales v. KLLM Transp. Servs., LLC*, 410 F. Supp. 3d 786, 794 (S.D. Miss. 2019); *Holder v. A&L Home Care & Training Ctr., LLC*, 552 F. Supp. 3d 731, 747 (S.D. Ohio 2021).

Second, courts have explained that "[a] question of law may be deemed 'controlling' if its resolution is quite likely to affect the further course of the litigation, even if not certain to do so.'" *In re A2P SMS Antitrust Litig.*, No. 12-CV-2656, 2015 WL 876456, *3 (S.D.N.Y. Mar. 2, 2015) (quoting *Sakaogan Gaming Enter. Corp. v. Tushie-Montgomery Assocs.*, 86 F.3d 656, 659 (7th Cir. 1996); citing *In re Duplan Corp.*, 591 F.2d 139, 148 n.11 (2d Cir. 1978) (noting that a "controlling question of law" under § 1292(b) "include[s] a procedural determination that may importantly affect the conduct of an action")); *see also M.G. v. Metro. Interpreters & Translators, Inc.*, 85 F. Supp. 3d 1195, 1197 (S.D. Cal. 2015) (stating the same); *Chamberlain v. Crown Asset Mgmt.*, 622 F. Supp. 3d 1068, 1071 (D. Utah 2022) (same); *J-Rich Clinic, Inc. v. Cosmedic Concepts, Inc.*, No. 02-CV-74324, 2006 WL 2473478, *2 (E.D. Mich. Aug. 25, 2006) (same).

The question of whether resolution will affect the course of litigation overlaps with the final factor of the § 1292(b) analysis: whether certifying an issue for appeal would "materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Thus, the Court will turn to that inquiry.

**C.   Advance Termination of Litigation**

Courts have come to conflicting conclusions as to whether certifying a question regarding the appropriate standard for determining the class of similarly situated plaintiffs for conditional certification would advance termination of litigation.

Some courts have concluded that because "[d]efendants can move to decertify the collective action," "this renders determinations at step one not controlling questions of law," *Piazza, v. New Albertsons, Inc. et al.*, No. 20-CV-03187, 2021 WL 3645526, *3 (N.D. Ill. Aug. 16, 2021) (collecting cases), as "there is a good prospect that the certified question may be mooted by" decertification. *Glennon v. Anheuser-Busch, LLC*, No. 4:21-CV-141, 2022 WL

14

18584800, *3 (E.D. Va. Nov. 3, 2022) (quotation omitted); *see also Peck v. Mercy Health*, No. 4:21-CV-834, 2023 WL 1795421, *3 (E.D. Mo. Feb. 7, 2023) (citations omitted) ("[I]t is important to note that certification of the putative class at this stage is conditional by its nature. Mercy may later move to decertify the class.  Several courts have determined that the conditionality of such certifications necessarily means they do not present controlling questions of law"); *Villarreal v. Caremark LLC*, 85 F. Supp. 3d 1063, 1072-73 (D. Ariz. 2015) ("[A]n interlocutory appeal of its conditional class certification order would not materially advance the ultimate termination of this litigation.  Bolstering this conclusion is that such an appeal may actually delay the resolution of this litigation"); *Babbitt v. Target Corp.*, No. 20-CV-490, 2023 WL 2540450, *5 (D. Minn. Mar. 16, 2023) ("[T]he Court's final determination—under either the one-step process or after a motion to decertify—would be the same.  The only difference would be the timing and breadth of notice. . . .  [W]hether the Court grants the interlocutory appeal or continues under the well-established two-step process, the final collective will look the same and the litigation will ultimately proceed in the same manner"); *Ambrosio v. Cogent Commc'ns, Inc.*, No. 14-CV-02182, 2016 WL 777775, *3 (N.D. Cal. Feb. 29, 2016) (quotation omitted) (concluding that the defendant "has not shown the 'appeal promises to advance the time for trial,' and indeed, the issue may well be mooted with the second stage of collective action certification").

Although the Second Circuit certified the issue for appeal in *Glatt*, the district court concluded that because the "[p]laintiffs meet the standard for certifying a Rule 23 class alleging NYLL violations, they would also meet a higher FLSA collective action certification standard. Therefore resolution of the appropriate FLSA post-discovery certification standard would not advance the ultimate termination of the litigation."  *Glatt v. Fox Searchlight Pictures Inc.*, No. 11-

CV-6784, 2013 WL 5405696, *3 (S.D.N.Y. Sept. 17, 2013).  Here, too, this Court concluded that although the "modest" standard applied, Davella met the "modest-plus" standard, and the conditional class was "subject to possible decertification at a later time." Dkt. No. 124 at 6, 12-13, 22.  This lends support to a conclusion that an appeal would be mooted by later action.

Other courts have concluded that litigation would be advanced by certifying the issue for appeal because "[r]eversal of the [] decision conditionally certifying the class and abrogation of the two-step certification process outcome would require the [c]ourt to more closely scrutinize the similarities between the putative collective members — or lack thereof — much earlier in the case, thereby increasing the likelihood that it would decline to issue notice." *Thomas v. Maximus, Inc.*, No. 3:21-CV-498, 2022 WL 1482008, *6 (E.D. Va. May 10, 2022).  The *Thomas* court noted that "if the Fourth Circuit affirms the [c]ourt's conditional certification decision and retains the two-step process, notice would issue to a larger group of putative collective members.  In either case, the size of the collective depends on the Fourth Circuit's decision and directly bears on the potential outcome of settlement proceedings and the scope of damages." *Id.*; *see also Swales*, 410 F. Supp. 3d at 794 ("[A]pplying a different test for conditional certification—or for the ultimate decision whether to certify—could materially impact the trial of this matter; the case will either be a collective action or involve individual claims"); *Holder*, 552 F. Supp. 3d at 747 ("If the Sixth Circuit defines with any particularity what the similarity standard requires, this would impact the size of the collective and the time it takes to litigate the case.  The size of the class and the investments of time and money have a direct bearing on settlement pressure, damages, and how the parties and the Court manage the litigation.  So an immediate appeal may move this litigation along").

The Court agrees that if the Second Circuit were to reverse this Court's conditional certification decision and abrogate the two-step process, then the Court would have "to more closely scrutinize the similarities between the putative collective members" and if the Second Circuit affirmed this Court's decision, "notice would issue to a larger group of putative collective members." *Thomas*, 2022 WL 1482008, at *6. However, the Court would not be required to more closely scrutinize the similarities "much earlier in the case." *Id.* Rather, as most of the district courts have explained, "the final collective will look the same and the litigation will ultimately proceed in the same manner" whether the Court rules on a motion to decertify following the completion of discovery or waits for the Second Circuit's decision. *Babbitt*, 2023 WL 2540450, at *4-5. Certifying the issue for appeal will not "materially advance" this litigation but would likely require the same time and effort from the Court to determine the number of Plaintiffs who are actually similarly situated. Thus, as the appeal would not advance this litigation, the Court declines to certify the issue for appeal and denies Defendant's motion.[1]

### IV. CONCLUSION

Upon careful consideration of the entire record in this matter, the parties' submissions and the applicable law, and for the reasons set forth herein, the Court hereby

**ORDERS** the Defendant's motion for a certificate of appealability (Dkt. No. 133) is **DENIED**; and the Court further

**ORDERS** that the parties confer and submit to the Court a joint proposed scheduling order in line with the requirements set forth in the conclusion of the Court's August 21, 2023,

---

[1] As the Court denies Defendant's request to certify an interlocutory appeal, it also denies Defendant's request for a stay pending appeal as moot.

Memorandum-Decision and Order (Dkt. No. 124) within **fourteen (14) days** of the date of this Memorandum-Decision and Order; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on all parties in accordance with Local Rules.

**IT IS SO ORDERED.**

Dated: January 9, 2024
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge