UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

**DENISE DAVELLA,** *Individually and on behalf of all others similarly situated*,

         **Plaintiff,**

 vs.              1:20-cv-726
                   (MAD/MJK)

**ELLIS HOSPITAL, INC.,** *doing business as* **Ellis Medicine,**

         **Defendant.**
_____

APPEARANCES:         OF COUNSEL:

**SCHNEIDER WALLACE COTTRELL**  **CAROLYN HUNT COTTRELL, ESQ.**
**KONECKY LLP**         **JOHN J. NESTICO, ESQ.**
2000 Powell Street, Suite 1400    **ORI EDELSTEIN, ESQ.**
Emeryville, California 94608     **ROBERT E. MORELLI, III, ESQ.**
Attorneys for Plaintiff

**BOND, SCHOENECK & KING, PLLC**  **MICHAEL D. BILLOK, ESQ.**
22 Corporate Woods Blvd., Suite 501  **ERIC M. O'BRYAN, ESQ.**
Albany, New York 12211
Attorneys for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

   In her third amended complaint, Plaintiff Denise Davella, on behalf of herself and those similarly situated, alleges that Defendant Ellis Hospital, d/b/a Ellis Medicine ("Defendant"), violated the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") by failing to pay full compensation. *See* Dkt. No. 88. On August 21, 2023, the Court granted Plaintiff's motion for conditional collective certification. *See* Dkt. No. 124.

   Currently before the Court are Defendant's motions to dismiss any opt-in Plaintiffs whose

claims are barred by the statute of limitations and those who have failed to produce verified responses to Defendant's discovery demands. *See* Dkt. Nos. 188 & 189.

## II. BACKGROUND

On August 21, 2023, this Court issued a Memorandum-Decision and Order granting conditional certification of a collective action under the FLSA and ordering the parties to undergo a notice period. *See* Dkt. No. 124. After the parties' proposed notice documents and procedure were approved by the Court, opt-in Plaintiffs began to join this matter between March 13, 2024, and June 13, 2024. *See* Dkt. Nos. 160-161, 164-167. During the notice period, 209 employees opted-in to this matter in addition to the employees who had opted in prior to the notice period, amounting to a total of 217 opt-in employees. *See id.* On February 13, 2025, this Court granted the motions of six opt-in Plaintiffs requesting their withdrawal from this matter, reducing the number of opt-in Plaintiffs to 2011. *See* Dkt. No. 187.

## III. DISCUSSION

**A.    Claims Barred by the Statute of Limitations**

In its motion, Defendant contends that fifty-three of the opt-in Plaintiffs have not worked for Defendant during the three-year period preceding the filing of their consent to join the collective action and, therefore, their FLSA claims are time barred.[1] *See* Dkt. No. 188-2 at 4. As

---

[1] The 53 opt-in Plaintiffs include: opt-in number 39, Lindsay Arnold-Bronson; opt-in number 42, Eileen Flynn; opt-in number 45, Kessiah McConchie; opt-in number 52, Melanie Alterado; opt-in number 54, Laura Johnson; opt-in number 56, Terry Markiewicz; opt-in number 57, Deborah Price; opt-in number 64, Joanne Parchetta; opt-in number 66, Rachel Whitney; opt-in number 67, Jacqueline Walko; opt-in number 68, Teena Przychodny; opt-in number 72, John Beranek; opt-in number 73, Christine Dutt; opt in number 75, Hyun Ju Lim; opt-in number 76, Amie Brizzell; opt-in number 77, Victor Cabrera; opt-in number 83, Nancy McDonald; opt-in number 84, Sarah Malmfeldt; opt-in number 87, Stephanie Amrit; opt-in number 88, Helene Chapados; opt-in number 92, Nancy Nguyen; opt-in number 96, Kelly Burton; opt-in number 103, Laura DeTommasi; opt-in number 105, Rachel Wood; opt-in number 107, Ellen Meehan;

(continued...)

such, Defendant argues that these opt-in Plaintiffs must be dismissed. *See id.* Plaintiff does not oppose the dismissal of these opt-in Plaintiffs, but argues that "[g]iven the near judicial consensus on this issue, if the Court grants Defendant's Motion, it should dismiss the Opt-ins without prejudice." Dkt. No. 190 at 1-2 (citations and emphasis omitted). In its reply, Defendant contends that Plaintiff's position is meritless and that the cases cited do not support the argument for dismissal without prejudice. *See* Dkt. No. 193.

Having reviewed the parties' submissions and the applicable law, the Court agrees with Defendant and finds that the fifty-three opt-in Plaintiffs who have not worked for Defendant during the three-year period preceding the filing of their consent to join the collective action must be dismissed with prejudice. In support of its argument for dismissal without prejudice, Plaintiff relies on FLSA cases where the dismissal was sought for opt-in plaintiffs' failure to comply with discovery obligations. *See* Dkt. No. 190 at 1-2 (citing cases). None of these cases involve the dismissal of time-barred claims. Contrary to Plaintiff's position, courts routinely dismiss untimely FLSA claims with prejudice. *See Abuladze v. Apple Commuter Inc.*, No. 22-cv-8684, 2025 WL 1144205, *1 (S.D.N.Y. Feb. 24, 2025) (dismissing untimely FLSA and NYLL claims with prejudice); *Fisher v. Hudson Hall LLC*, No. 22-cv-9737, 2024 WL 3088836, *5 (S.D.N.Y. June

---

[1](...continued)
opt-in number 108, Brenda DeAngelis; opt-in number 112, Marcia Davis; opt-in number 119, James Kelly; opt-in number 131, Rhonda McMaster-Allendorph; opt-in number 132, Kyllee Sleck; opt-in number 133, Mary Ann Kapunan; opt-in number 144, Sara Ricchiut;, opt-in number 146, Maria Carbonaro; opt-in number 147, Jacqueline Cummings; opt-in number 148, Theresa Riccio; opt-in number 152, Andrea Riggins; opt-in number 155, Patricia Munn; opt-in number 158, Christopher Case; opt-in number 159, Nicole Swinton; opt-in number 166, Tamara Merwin; opt-in number 170, Eileen Reid; opt-in number 171, Geetanjalli Bhagan; opt-in number 173, Summer Barrow; opt-in number 181, Patricia Hyson; opt-in number 182, Jade McKnight; opt-in number 186, Jagmeet Kang; opt-in number 191, Lorrie Griffin; opt-in number 192, Shanique Barrett; opt-in number 193, Douglas Blasso; opt-in number 197, Kimberly Olbrich; opt-in number 199, Natalia Zander; opt-in number 208, Donette Davis; and opt-in number 210, Amrita Singh. *See* Dkt. No. 193 at 1-2 n.1.

21, 2024) (dismissing the plaintiff's untimely FLSA claim with prejudice); *Romero v. Manhattan & Bronx Surface Transit Operating Auth.*, No. 21-cv-4951, 2022 WL 624451, *6 (S.D.N.Y. Mar. 2, 2022) ("Because the FLSA claim is barred by the statute of limitations, it will be dismissed with prejudice"); *Jacobsen v. The Stop & Shop Supermarket Co.*, No. 02-cv-5915, 2004 WL 1918795, *1, 5 (S.D.N.Y. Aug. 27, 2004) (dismissing the untimely FLSA claims of twelve opt-in plaintiffs with prejudice).

As Plaintiff concedes, the FLSA claims for the fifty-three opt-in Plaintiffs that failed to work any hours during the three years preceding the filing of their consent to join the collective action are barred by the three-year FLSA statute of limitations. In this situation, their dismissal from the FLSA collective action with prejudice is appropriate. Accordingly, Defendant's motion is granted.

B.  **Failure to Respond to Discovery Demands**

Following conditional certification of the FLSA collective action, with authorization from the Court, Defendant served thirty-seven opt-in Plaintiffs with discovery demands and interrogatories. *See* Dkt. No. 189-2 at 4. According to Defendant, seventeen of the opt-in Plaintiffs served with discovery demands failed to produce verified responses to Defendant's discovery demands and interrogatories.[2] *See id.* As such, Defendant contends that these opt-in Plaintiffs must be dismissed from the FLSA collective. *See id.*

---

[2] The opt-in Plaintiffs who failed to respond are opt-in number 12, Michele Battaglioli; opt-in number 22, Brenda Donah; opt-in number 25, Margaret Hyland; opt-in number 28, Adrienne Martinez; opt-in number 34, Abigale Simon-Murray; opt-in number 37, Andrea Topping; opt-in number 79, Kellia Brown; opt-in number 90, Ma Victoria Feliciano; opt-in number 97, Patricia Sandy; opt-in number 124, Stephen Otruba; opt-in number 128, Hilary O'Connor; opt-in number 136, Nicole Brewer; opt-in number 167, Michelle Bricault; opt-in number 174, Whitney Flansburg; opt-in number 194, Jodilynn Hale; opt-in number 196, Teresa Kelly; and opt in number 207, Kimberly Nikolaus. *See* Dkt. No. 189-1 at ¶¶ 4, 7-23.

In response, Plaintiff opposes the dismissal of opt-in Plaintiff Stephen Otruba, but otherwise does not object to the dismissal of the remaining sixteen opt-in Plaintiffs, so long as their dismissal is without prejudice. *See* Dkt. No. 191 at 2. As to opt-in Plaintiff Otruba, Plaintiff contends that he "had apparent medical issues that prevented him from answering the written discovery." *Id.* Plaintiff further contends that, upon informing Defendant of opt-in Plaintiff Otruba's situation, she "simultaneously offered that he be replaced with another Opt-in of Defendant's choosing," but Defendant "declined this invitation." *Id.* Plaintiff argues that, "[g]iven these circumstances, it was unreasonable for Defendant to ignore Plaintiff's suggestion and demand Mr. Otruba respond to the written discovery. As such, Mr. Otruba should not be dismissed." *Id.*

Having reviewed the parties' positions and the applicable law, the Court agrees with Defendant that opt-in Plaintiff Otruba should be dismissed from the FLSA collective. Notably, Plaintiff failed to submit any evidence of the alleged "medical issues," or even a declaration from Otruba. Rather, Plaintiff's argument is based solely on counsel's representation with no supporting documentation or even the most basic explanation of the underlying medical issues. To date, opt-in Plaintiff Otruba has still not produced verified responses to Defendant's discovery demands and interrogatories as required.

Courts have noted that plaintiffs who opt-in to an FLSA collective action have discovery obligations that they must comply with and failure to do so can result in their dismissal from the collective. *See Enriquez v. Cherry Hill Mkt. Corp.*, No. 10-cv-5616, 2012 WL 6641650, *2 (E.D.N.Y. Oct. 22, 2012) (dismissing the opt-in plaintiffs from an FLSA collective who failed to comply with their discovery obligations); *Johnson v. Wave Comm GR LLC*, No. 6:10-cv-346, 2013 WL 12137762, *2-3 (N.D.N.Y. June 6, 2013) (recommending that the dismissal from a

5

collective action of an opt-in plaintiff who failed to comply with his discovery obligations); *In re Doria/Memon Disc. Stores Wage & Hour Litig.*, No. 14-cv-7990, 2018 WL 1353261, *3-5 (S.D.N.Y. Mar. 15, 2018) (same); *Ruiz v. Citibank, N.A.*, No. 10-cv-5950, 2014 WL 4635575, *3-4 (S.D.N.Y. Aug. 19, 2014) (same).  Moreover, Magistrate Judge Katz warned Plaintiff's counsel that failure of opt-in Plaintiffs to participate in discovery would result in their dismissal from this action.  *See* Dkt. No. 178 at 22-23.  Given the facts presented, the Court finds that dismissal of opt-in Plaintiff Otruba from the FLSA collective is appropriate.  Accordingly, this aspect of Defendant's motion is granted.

As to the remaining opt-in Plaintiffs who failed to respond to Defendant's discovery demands and interrogatories, Plaintiff does not oppose their dismissal from the FLSA collective, but contends that such dismissal should be without prejudice.  *See* Dkt. No. 191 at 2-3.  The Court disagrees.  Plaintiff relies on cases where the courts found that dismissal with prejudice from the FLSA collective of non-compliant opt-in plaintiffs was appropriate, but that these non-compliant plaintiffs should not also be precluded from participating as class members under the NYLL claims, should class certification be granted.  *See id.* (citing cases).  The Court agrees with these cases and finds that these opt-in Plaintiffs who willingly failed to comply with their FLSA discovery obligations should be dismissed from the FLSA collective with prejudice.  *See Hamelin v. Faxton St. Luke's Healthcare*, No. 5:08-cv-1219, 2010 WL 3430406, *5 (N.D.N.Y. July 19, 2010) (recommending the dismissal with prejudice of the unresponsive opt-in plaintiffs "subject to their right, should class certification be granted, to participate as class members in the action if deemed appropriate by the court").

Accordingly, Defendant's motion to dismiss opt-in Plaintiffs who failed to produce verified responses to discovery demands is granted.

## IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, the Court hereby

**ORDERS** that Defendant's motions to dismiss any opt-in Plaintiffs whose claims are barred by the statute of limitations and those who have failed to produce verified responses to Defendant's discovery demands (Dkt. Nos. 188 & 189) are **GRANTED**; and the Court further

**ORDERS** that the opt-in Plaintiffs identified above are **REMOVED** from the FLSA collective; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: May 2, 2025
      Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge